## No. 12,013.

E. CUCULLU, ADMINISTRATOR, vs. BRACKENRIDGE LUMBER COMPANY ET AL.

When the judgment of the lower court leaves the rights of parties not clearly defined or fixed by it, but to be determined by implication and reasoning, the case will be remanded with instructions to render other juandgment in the case.

APPEAL from the Civil District Court for the Parish of Orleans.
    *Ellis, J.*

*Branch K. Miller* and *James Wilkinson* for Citizens Bank of Louis-
iana, Intervenor, Appellee.

*Louque & Pomes* for Defendants, Appellants.

Argued and submitted March 13, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J. The petition avers that in the month of May, 1888,
the succession of Francois Lacroix was the owner of certain de-
scribed property in the parish of Orleans. That on the 19th of May
said property was adjudicated by the tax collector for unpaid taxes
for the year 1887 to the State of Louisiana, and on the 17th of May,
1893, it was sold by the State Auditor claiming to act under Act No.
80 of 1888 to John Spansell; that he subsequently sold the same to
the New Orleans Swamp and Reclamation Company on the 13th
June, 1893, and the said company sold a part of the same to the
present defendant. That the said parties are in possession of the
property, claiming ownership of the property respectively possessed
by them under said adjudication and sale.

That under an order of the District Court granting him au-
thority to that effect he had, for the consideration of one hundred
dollars paid him by the defendant company, intervened in the
sale to it from the Land Reclamation Company and ratified said
sale. That in a proceeding instituted by the Citizens Bank, a creditor
of the succession of Lacroix, in which it averred that the ad-
judication by the tax collector to the State and the sale by the
State to Spansel were null and void, for the reason that the taxes of
1887 against said property were assessed in the name of Francois
Lacroix, whereas he had died more than eleven years prior to said
assessment, because of want of proper legal notices of intended sale
in 1888, for taxes made in the year 1887, and because of want of
compliance with the legal prerequisites to a valid sale by either

tax collector, assessor or Auditor, and that said property was worth at least three thousand dollars, petitioner was ordered by the District Court to bring suit against all parties in interest, to have annulled, canceled and set aside the conveyances of the property referred to in the petition of the Citizens Bank. That the present suit was brought by him under said order of court. In view of the premises, he prayed for citation upon the Brackenridge Lumber Company and the New Orleans Swamp Land Reclamation Company; that after due proceedings, in the event the court should find that said adjudication to the State of Louisiana and sale by the Auditor to John Spansel were and are absolutely null and void, then that they be so decreed, and that there be judgment in favor of petitioner and against the defendants, decreeing petitioner as administrator of the succession of Francois Lacroix, deceased, to be the owner of said property, and restoring the same to his possession, and ordering that any and all inscriptions of said adjudication and sales, which may have been made upon the conveyance records of the parish of Orleans, be canceled. He prayed for general and equitable relief.

The defendants excepted that the plaintiff's petition disclosed no cause of action, and prayed that the demand be dismissed.

The Citizens Bank and A. L. Tissot, creditors of the succession of Lacroix, intervened in the suit, joining the plaintiff and praying that the property be decreed to belong to the succession of Francois Lacroix, and be restored to the administrator of said succession.

They renew, but amplify, the allegations of the plaintiff's petition, and declare that the adjudication and sales referred to were absolute nullities or should be annulled and avoided by the court. They aver that at the time the taxes for which the property was adjudicated to the State were assessed, Francois Lacroix had been dead for twelve years, and his succession had been opened in the Civil District Court of the parish of Orleans ever since 1876. The grounds of nullity set up were:

1. Because of the said null assessment.

2. That there was no notice to the tax debtor, or notice of sale of said property given in accordance with law.

3. There was no previous offering of said property for sale under the provisions of Act No. 80 of 1888, under which act the sale by the State to Spansel purported to have been made, the previous.

offering being under said act, a condition precedent to the authority of the Auditor to sell. They averred that under a mistake of both law and fact, which they expressly pleaded, the administrator of the succession released, in violation of law, the rights of the succession of Lacroix to the property sold to the Brackenridge Lumber Company by intervening in the act to it from the Land Reclamation Company, and signing a pretended quit-claim to said property. That said act was procured for the sum of one hundred dollars, when the property was and is worth the sum of seven thousand dollars. That the administrator acted under an order of court granted him through error, both on the part of the court and the administrator. That the order was granted by inadvertence and without authority of and in violation of law. That the administrator had no right to give away or waive any succession rights at private sale and without the consent of the creditors of the succession, in whom the rights of said insolvent succession were vested, and when the said error of the court was brought to the knowledge of the court by a rule taken by the intervenors herein, the court revoked said order and ordered the administrator to bring suit to have the property restored and he accordingly brought the present suit, but that after an examination of the pleadings filed herein and of the exceptions which have been filed, they considered it absolutely necessary for the prosecution of their interests that they be allowed to intervene and aid in recovering the properties. They prayed that there be judgment against the defendants, decreeing the property to belong to the succession of Francois Lacroix, and that it be restored to the administrator; that all of the sales of said property be decreed null and void, or be annulled and avoided by the court.

To this intervention defendants filed an exception of no cause of action. They also pleaded the prescription of one, two and three years to the right of action to set aside the sales as set forth in the petition and intervention. The plea of prescription was by order of court referred to the merits. The other exceptions to the petition and intervention were overruled. The defendants then answered, pleading first the general issue. They then averred that the taxes assessed against the property were legal and valid; that no tax sale can be set aside after prescription has accrued. They pleaded the prescription of one, two and three years to the action. They further averred that the property

was forfeited to the State prior to 1880 and the State had lost all interest therein. They further pleaded that the administrator was estopped from suing for the recovery of said property, having ratified the same under order of court and the rights of respondents having vested therein. That on the faith of the record, respondent (the Brackenridge Lumber Company), rented certain pieces of property in the neighborhood of and adjoining said property and they can not place themselves in the same position they occupied before the said purchase. They further averred that they have disbursed in the payment of the purchase price three hundred and five dollars, in the payment of taxes one thousand nine hundred and nineteen dollars, and in improvements on said property four hundred and twenty-three dollars; that respondents have paid one hundred dollars to the administrator and that said amount has been placed by him on his tableau of distribution. They prayed that. the suit be dismissed; that there be judgment quieting them in the enjoyment, possession and ownership of the property sued for, and that in case judgment be rendered against them the administrator be condemned to pay them the sum of three hundred dollars within ten days and previous to disturbing them.

The District Court rendered a judgment in the case from which defendant appealed. We have compared the judgment as written with the pleadings and prayers of the parties, and have reached the conclusion that the proper disposition of this case is to reverse the judgment and place matters back in the position they had just prior to the rendering of the judgment and to remand the cause to the District Court with instructions to it to render another judgment in the cause. As the present one is written, it obviously does not, in its terms, conform to the reasons assigned for judgment, and it leaves the rights of parties not clearly defined or fixed by it, but to be determined by implication and reasoning.

For the reasons assigned, the judgment appealed from is hereby annulled, avoided and reversed, and matters replaced in the position they had just prior to the rendering of the judgment now set aside, and the cause is remanded to the District Court with instructions to render another judgment in the cause, costs of appeal to be paid by plaintiffs and intervenors.