STOULIG, Judge.
Plaintiff, Louis Adam Murray, on March 10, 1970, filed a workmen’s compensation suit against Albert Bierria, doing business as United States Salvage Company of New Orleans. By a supplemental and amended petition filed on June 25, 1970, the Orleans Parish School Board was made a codefendant. Bierria was never served with a copy of the petition and citation, therefore issue was never joined with respect to this defendant.
After the Orleans Parish School Board filed an answer, this case was set for trial on the merits seven times and was continued on five occasions at the request of the plaintiff and twice on the School Board’s motion. On June 10, 1974, plaintiff failed to appear for the trial on the merits (the seventh setting) and the trial court rendered judgment dismissing plaintiff’s suit against Albert Bierria, doing business as United States Salvage Company of New Orleans. Plaintiff has appealed.
For the want of service of the petition and citation, issue was never joined between the plaintiff and Bierria. It therefore follows that the trial judge could not dismiss the suit against this defendant for plaintiff’s failure to appear and proceed to trial, when no trial could be held under the posture of the proceedings.[1] A judgment of dismissal as to Bierria could only have been rendered upon plaintiff’s voluntary motion to dismiss its claim against this defendant. Unless issue is joined either by responsive pleadings or the entry of a preliminary default (which has the legal effect of a general denial), there are no controverted facts or conclusions of law to be adjudicated by trial, and plaintiff’s petition cannot be dismissed for his failure to appear and proceed to the proof of his claim. Accordingly, C.C.P. art. 1672, authorizing the involuntary dismissal of an action when the plaintiff fails to appear on the day set for trial, cannot be invoked as to plaintiff’s suit against Bierria.
It is apparent the trial judge intended to dismiss the claim against the Orleans Parish School Board, but the judgment inadvertently named the wrong defendant. Under C.C.P. art. 1951 a trial judge may amend a judgment “(1) to alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation.” An appellate court also has the power to correct certain obvious errors not called to the attention of the trial *359 judge. See Comment (d) under C.C.P. art. 1951.
In this case, the error being one of substance, we cannot, under the authority of C.C.P. art. 1951, substitute a codefend-ant in place of the defendant named in the judgment.
For these reasons, the judgment appealed from is annulled and this matter is remanded for further proceedings in the trial court; assessment of costs to await final disposition of the matter.

Judgment anulled; remanded.

. The court had no authority to set the matter for trial against Bierria until he filed an answer. C.O.P. art. 1571.