525 So.2d 689 (1988)
Laverle D. SCOTT
v.
STATE of Louisiana, et al.
No. CA 87 0504.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*690 John deGravelles, Baton Rouge, and Frank Ferrara, Walker, for plaintiff, appellee.
Tom H. Matheny, Hammond, for defendant-appellant State, DHHR.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a suit for damages in tort by Mrs. Laverle D. Scott which alleges a medical malpractice cause of action against the State of Louisiana, through the Department of Health and Human Resources (DHHR), the Lallie Kemp Charity Hospital (Lallie Kemp), the Charity Hospital of Louisiana at New Orleans (Charity) and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU). The defendants answered in a single pleading which, essentially, was a general denial. Prior to trial, Mrs. Scott died. A supplemental and amending petition was filed which substituted Mrs. Scott's five children, Lawrence B. Scott, Reginald A. Scott, Cheryl Louise Scott Sykes, David B. Scott and Laird S. Scott, as parties plaintiff and asserted wrongful death and survival actions. After a trial, the trial court judge gave the following pertinent reasons for judgment:
This Court is convinced that defendants were negligent in failing to do a proper pre-procedure work-up to ascertain the advisability of performing the panendoscopy, failing to perform the procedure without rupturing the esophagus, and failing to treat the esophageal perforation after it occurred. Consequently, defendants are liable to petitioner's estate for the following sums: $18,727.50 for lost wages; $38,433.01 for medical expenses; and $150,000.00 for physical pain and suffering and for mental distress. Thus, judgment is hereby rendered against defendant for a total of $207,160.51 in damages, with legal interest from the date of judicial demand. All cost are to be borne by defendants.[1]
Pursuant to these reasons, the trial court rendered the following judgment:
After reviewing the evidence adduced at trial, reviewing the record, the briefs and arguments of counsel, the law and the evidence being in favor thereof,
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, LAWRENCE BARRY SCOTT, REGINALD ARNOLD SCOTT, CHERYL LOUISE SCOTT SYKES, DAVID B. SCOTT AND LAIRD STVEN SCOTT in the principal sum of TWO HUNDRED SEVEN THOUSAND ONE HUNDRED SIXTY AND 51/100 ($207,160.51) DOLLARS with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings including expert witness fees which are set as follows:

Dr. Robert Coe $750.00
 _______
Dr. Peter Moulder $600.00
 _______

The defendants took this suspensive appeal.

VALIDITY OF JUDGMENT
A judgment is the determination of the rights of the parties in an action (suit). *691 La.C.C.P. art. 1841. Pursuant to La.C.C.P. art. 1918, a final judgment shall be identified as such by appropriate language. See, for example, that contained in La.C. CP. Form No. 1271. Official Revision Comment (a) for La.C.C.P. art. 1918 provides as follows:
In Louisiana the form and wording of judgments is not sacramental. Nonetheless, Louisiana courts require that a judgment be precise, definite and certain.... However, it has been held that a judgment is not invalid on account of the insertions of an incorrect middle initial or the omission thereof, ... or on account of failure to name specifically all defendants against whom it is rendered,....
Thus, a final judgment has been found valid as to all defendants when it was rendered against "defendant, Paul E. Manning, et als" or when it decreed that "all costs of this proceeding to be paid by the defendants." J.P. Hudson & Sons v. Uncle Sam Planting & Mfg. Co., 136 La. 1071, 68 So. 129 (1915); Glen Falls Indemnity Co. v. Manning, 168 So. 787 (Orleans 1936).
However, the judgment in the instant case is not rendered against any defendant; it only grants judgment in favor of the five Scott children. In this posture, we agree with the following observations found in Borg-Warner Acceptance Corporation v. Whitlow Truck Center, Inc., 508 So.2d 857, 859 (La.App. 5th Cir.1987):
As the plaintiff further points out, the original judgment of June 24, 1986, is legally incorrect and unenforceable because it did not name the defendant cast. The failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced.
The plaintiff envisions a scenario in which a sheriff directed to seize Otis Whitlow's property would have to act as a judge to determine whether Otis Whitlow, although unnamed in the judgment, was the party cast.
The judgment and/or reasons for judgment are also deficient because they do not comply with La.C.C.P. arts. 1917 and 1812(C). Article 1917 provides as follows:
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment. (Emphasis added.)
Article 1812(C)(1)(b) provides as follows:
In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for whom such party is legally responsible, was at fault, and, if so:
....
(b) The degree of such fault, expressed in percentage.
The judgment and reasons for judgment herein do not express the degree of fault of each defendant as a percentage. Rome v. State Farm Mutual Auto Insurance Co., 439 So.2d 1253 (La.App. 5th Cir.1983).
Finally, the judgment does not comply with La.R.S. 13:5112(A) because it fails to express the costs in a dollar amount.
The judgment herein does not determine the rights of the parties because it does not cast any defendant in judgment and it does not express the degree of fault of each defendant as a percentage. For this reason and pursuant to our authority under La.C.C.P. art 2164, the judgment herein must be reversed and this action remanded to the trial court for correction of the judgment. Cf. Cucullu v. Brakenridge Lumber Co., 48 La.Ann. 677, 19 So. 688 (1896); Murray v. Bierria, 320 So.2d 357 (La.App. 4th Cir.1975).

*692 DECREE
For the foregoing reasons, the judgment herein is reversed, and this action is remanded to the trial court for further proceedings in accordance with the law and the views expressed herein. The cost of this appeal is assessed to the appellees.
REVERSED AND REMANDED.
NOTES
[1] Because the reasons for judgment indicate that "defendants are liable to petitioner's estate" and do not provide that the five children can recover for their own losses because of their mother's death, we must conclude the wrongful death claims of the five children were rejected.