554 So.2d 1343 (1989)
Anthony MARTINO
v.
Orville SUMRALL a/k/a Will Branch, et al.
No. 89 CA 1109.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Theodore A. Mars, Jr., New Orleans, for plaintiff-appellee.
Tom H. Matheny, Hammond, for State.
Leonard A. Young, New Orleans, for Southwest Fire Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
*1344 SAVOIE, Judge.
This is a tort suit. Plaintiff, Anthony Martino, appellee, filed his petition against various defendants, including the State of Louisiana, through the Department of Health and Human Resources (DHHR), appellant herein. All other defendants settled their claims prior to trial and were dismissed from the suit.
The bench trial was bifurcated, liability and damages to be tried separately. The liability portion of the trial resulted in the trial judge finding DHHR negligent for causing injuries to Tony Martino. DHHR has appealed the judgment, asserting seven assignments of error. Plaintiff has answered the appeal and asserts one assignment of error.
On July 4, 1982, Tony Martino, along with members of his family and friends, travelled to the Clearwater Campgrounds in Washington Parish to swim and picnic. When Tony arrived at the campground, he joined some people who were swimming and diving from a bluff on the Pushepatapa River. Tony dove into the river six to eight times. He hit his head on the last dive and was severely injured. Someone pulled him to the side of the creek. An ambulance arrived, immobilized him and transported him to the Washington-St. Tammany Parish Hospital in Bogalusa. During his three and one-half hour stay at the Washington-St. Tammany Parish Hospital, various acts of medical malpractice allegedly occurred, which may have worsened his injury. The trial judge found the hospital had deviated from "the standard of care required of the most minimal medical facility under the circumstances." He also stated in his reasons for judgment:
I have specifically found that the actions by the beach, by the man pulling him out of the water, by his own actions are such that they, too, and did exacerbate the quadriplegia that existed at the time of the impact. I specifically do not find what this degree of exacerbation was between the time of arrival at Washington-St. Tammany Parish Hospital and the arrival at Baptist.
For the above reasons, I find for the plaintiff in this matter.
DHHR's first assignment of error claims the trial court erred by not expressing the degree of fault of DHHR as a percentage.
The law applicable to the required findings of a trial court in this situation is stated in the following two articles of the Code of Civil Procedure. LSA-C.C.P. art. 1917 reads in pertinent part:
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment.
LSA-C.C.P. art. 1812 reads in pertinent part:
C. In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for whom such party is legally responsible, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(3) If appropriate, whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a legal cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage.
Following the applicable law, we hold the trial court's judgment is deficient because it does not comply with these articles by stating the degree of fault, expressed in a *1345 percentage, of the defendant. Scott v. State, 525 So.2d 689 (La.App. 1st Cir.1988).
We also find this to be an appropriate situation, as per LSA-C.C.P. art. 1812(C), to list the percentages of fault attributed to the plaintiff and other non-parties, if fault was found on their part. We find this appropriate due to the fact that the trial judge's reasons for judgment include the finding that actions by various individuals at the beach, by the man pulling him out of the water and by his (plaintiff's) own actions, exacerbated his injuries.
We decline to address any further assignments of error at this time due to the deficiencies of the judgment.
For the foregoing reasons, this action is remanded to the trial court for further proceedings in accordance with the law and the views expressed herein. This court retains jurisdiction to decide other issues presented in this appeal after the trial court has ruled herein. The costs of this appeal are to be assessed upon final determination of this matter.
REMANDED.