CARTER, Judge.
These appeals arise out of an action for medical malpractice.
FACTS
On May 25, 1983, at approximately 3:45 a.m., plaintiffs, Lloyd and Donna Porche, brought their two-month-old son, Brian Keith Porche, to the emergency room at Pointe Coupee General Hospital, where he was examined and treated for multiple rat bites by Dr. Kathleen McMahon and nurse Marian Cifreo. Shortly thereafter, Dr. McMahon made arrangements for the child to be treated further at Earl K. Long Me *1346 morial Hospital in Baton Rouge. She then instructed the parents to transport their infant son to Baton Rouge by private vehicle.
The Porche child arrived at Earl K. Long and was immediately attended by the emergency room physician, who attempted to start an IV on the infant. After several unsuccessful attempts, the emergency room physician brought the Porche child to the pediatric floor for the pediatric surgeon to assist in starting the IV. Thereafter, Brian Keith Porche developed serious problems, and, despite all efforts, died at approximately 1:45 p.m. on May 26, 1983. The cause of death was determined to be hypovolemic shock.
On December 3, 1985, plaintiffs filed the instant suit for damages for the death of their infant son. Named as defendants were Pointe Coupee General Hospital, Dr. Kathleen McMahon, and Dr. McMahon’s employer, Emergency Room Residents, Inc. A bifurcated trial was held — the jury deciding issues as to the non-governmental defendants, and the judge deciding issues as to the governmental defendant. The jury determined that Dr. McMahon was not negligent in causing the injury or subsequent death of Brian Keith Porche. The judge determined that Pointe Coupee General Hospital was 25% at fault in causing the injury and subsequent death of plaintiffs’ son and awarded plaintiffs $25,000.00 for the hospital’s proportionate fault. Thereafter, numerous motions were filed on behalf of plaintiff, which were denied.
From these adverse judgments, plaintiffs appealed raising numerous issues.[2] Pointe Coupee General Hospital also appealed raising several issues,[3] including that the trial court erred in finding Pointe Coupee General Hospital 25% negligent, without assigning the remaining 75% of the fault. Because we find merit in the hospital’s assignment of error alleging trial court error in assigning only 25% of the fault, we find it unnecessary at this time to address the other issues raised by the parties.
ASSIGNMENT OF FAULT BY TRIAL JUDGE
LSA-C.C.P. art. 1917 reads in pertinent part:
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment. (Emphasis added).
LSA-C.C.P. art. 1812 reads in pertinent part:
C. In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for *1347 whom such party is legally responsible, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(3) If appropriate, whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a legal cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage. (Emphasis added).
In the instant case, the trial court determined that Pointe Coupee General Hospital was 25% at fault, but failed to set forth the percentages of fault attributed to the plaintiffs, any other party (Dr. McMahon or Emergency Room Residents, Inc.), or any non-party. Clearly, the judgment and reasons for judgment do not comply with LSA-C.C.P. arts. 1917 and 1812 C in that they do not express the degree of fault of each defendant as a percentage. Lawrence v. Dunaway, 554 So.2d 1339 (La.App. 1st Cir.1989). See Martino v. Sumrail, 554 So.2d 1343 (La.App. 1st Cir.1989), and Scott v. State, 525 So.2d 689 (La.App. 1st Cir.1988). See also Beauhall v. Sears, Roebuck & Company, 526 So.2d 479 (La.App. 1st Cir.1988), writ granted in part, denied in part, 532 So.2d 104, 141 (La.1988).
For this reason and pursuant to our authority under LSA-C.C.P. art. 2164, the judgment rendered herein must be reversed, and this action should be remanded to the trial court for correction of the judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court apportioning only 25% of the fault is reversed.[4] This action is remanded to the trial court for further proceedings in accordance with the law and the views expressed herein. This court retains jurisdiction to decide other issues presented in this appeal after the trial court has ruled herein. Costs are to await a final determination of this matter.
REVERSED IN PART AND REMANDED.

.Plaintiffs raised the following issues:
1. Whether the "emergency care” rendered by Dr. Kathleen McMahon was below the standard of care.
2. Whether the child should have been transferred considering its condition.
3. Whether the child should have been transferred by ambulance rather than by the parents.
4. Whether the trial court erred by allowing testimony regarding contributory negligence of the parents prior to the child being brought to the emergency room after the court had been directed to disallow such in two (2) separate writs from the Court of Appeal.
5. Whether the trial court erred by disallowing the rebuttal testimony of Brenda Hammond, the security person who was not present in the court room when called but who arrived within minutes and before final arguments to the jury.

.Pointe Coupee General Hospital raised the following issues:
1. Whether or not the trial court erred in finding Pointe Coupee General Hospital negligent where there is no evidence of record to support such a conclusion, including plaintiffs own expert when read in content (sic).
2. Whether or not the trial court abused its discretion and clearly erred in finding Pointe Coupee General Hospital 25% negligent without assigning a percentage of negligence to any other party or non party.
3. Whether the trial court erred in failing to find the parents comparatively negligent in failing to disclose to the emergency room physician the loss of blood involved.

. We pretermit any discussion as to the two other judgments appealed until resolution of the issue of allocation of fault by the trial judge.