590 So.2d 1250 (1991)
Thomas Glenn FANCETT
v.
Wendy Lynn Miller FANCETT.
No. CA 90 1600.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1251 Mary E. Heck Barrios, Baton Rouge, for plaintiff-appellee Wendy Lynn Miller Fancett.
Michael E. Theriot, Baton Rouge, for defendant-appellant Thomas Glenn Fancett.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
On January 5, 1990, defendant, Wendy Lynn Miller Fancett, filed a motion for an increase in child support based on a change in circumstances. As required by LSA-R.S. 9:315.1A for "any proceeding to establish or modify child support filed on or after October 1, 1989," the child support guidelines contained in LSA-R.S. 9:315 et seq. apply. The trial court increased the support for the four children of the marriage between Mrs. Fancett and the plaintiff, Thomas Glenn Fancett, from $1,400 a month to $2,000 a month, subject to a reduction to $200 per week during the summer while the children were with their father.
Plaintiff, Mr. Fancett, appealed and complains of the trial court's admission of evidence that he believes was outside the scope of the pleadings and prejudiced his case, of the finding that a change of circumstances had occurred, and of the failure to provide the oral or written reasons required by LSA-R.S. 9:315.1B for a deviation from the child support guidelines. Based on the incompleteness of the record and a deviation without supporting reasons, we remand the case to the trial court for further proceedings consistent with this opinion.

FACTS
Mrs. Fancett testified that she lost her job when her place of employment closed. She had difficulty in finding other adequate employment, but by the time of the hearing on the rule to show cause she had secured a trial position as a bartender. The new position paid $4.00 an hour for 32.5 hours a week, plus tips. When the original support was set, the income from Mrs. Fancett's previous job, as a waitress and part-time secretary at Cafe Catiche, was higher. During the hearing, Mrs. Fancett also testified and presented evidence concerning child care costs,[1] orthodontic needs of one *1252 child, and the costs of psychological counseling. Mr. Fancett provided testimony and documents from which his income could be determined. He testified concerning his increased expenses for a house big enough for his new family and his four children from his previous marriage, for clothes for the children, and for the summer months when the children stayed with him. Mr. Fancett testified that he previously consulted an orthodontist and did not agree that one of the children needed treatment at the time of the hearing.

CHANGE IN CIRCUMSTANCES
Mr. Fancett asserts that Mrs. Fancett alleged a change in circumstances due only to her job loss and did not prove such a change. He argues that evidence concerning increased expenses for orthodontic needs or psychological counseling cannot be used by Mrs. Fancett as a basis for a change and introduction of such evidence improperly expanded the pleadings.
Although the basis for the change of circumstances claim altered from no job to a lower paying job, a review of the record supports a finding by the trial court of a change in circumstances, specifically a change in Mrs. Fancett's employment and income, sufficient to serve as a basis for a modification in the child support. Certainly Mrs. Fancett should not be penalized for continuing to seek employment and finding a job after her motion was filed.
The expenses, testified to by both parties, are considerations in calculating the total support obligation under the guidelines. See LSA-R.S. 9:315.3-9:315.6 and 315.8. These expenses are proper issues before the court in a determination or modification of child support. Evidence admitted on these issues did not constitute an enlargement of the pleadings. We find no merit in Mr. Fancett's argument that the trial court erred in allowing the evidence.

REASONS FOR DEVIATION
Mr. Fancett argues that the award of child support deviates from the basic child support obligation guidelines and that the trial court erred when it did not provide the reasons for deviation required by LSA-R.S. 9:315.1B.[2] Except for arguments concerning the prejudice caused by the trial court's improper consideration of the evidence on the children's increased needs, Mr. Fancett does not specifically delineate how the court deviated.
The testimony and documentation of income submitted by Mr. Fancett evidenced a range of income rather than a constant monthly income over the last few years. The highest total adjusted gross monthly income for the parties supported by documentary evidence in the record is approximately $8,750. Based on this combined adjusted gross income, the guidelines set the basic child support obligation at $2,174 a month. Mrs. Fancett's percentage share of the obligation is approximately ten percent. From these calculations, Mr. Fancett's obligation under the guidelines for basic support is $1,956.60 for each month of the year. The child support award of $2,000 monthly with the summer reduction to $200 per week for six weeks is a clear deviation from that figure.
Because of the failure of the trial court to give the required oral or written reasons for the deviation, the judgment is deficient. The court may deviate from the guidelines, but for the guidelines to remain effective the court must give its reasons and provide "an evidentiary basis" for the deviation. Crockett v. Crockett, 575 So.2d 942, 944 (La.App. 2nd Cir.1991). The most helpful procedure for a reviewing court would be the inclusion by the trial court of its calculations with its reasons for the deviation. See LSA-R.S. 9:315.2 & 315.8. With the clearly stated reasons, the reviewing court could more easily follow the trial court's reasoning in setting the basic support from the guidelines, in considering any of the options allowed by LSA-R.S. 9:315.1C & D, and in adding any of the *1253 expenses allowed by LSA-R.S. 9:315.3-315.6.
Additionally, because of the range of incomes contained in the record, the court, within its discretion, may have used a different figure for the adjusted gross monthly income that can be supported by the record. Apparently the trial court considered the father's increased expenses during the summer months and reduced the amount of support accordingly. We cannot determine from the record what calculations were made by the trial court to determine the basic support obligation or whether the trial court included any additional allowable expenses. Much of the evidence concerning additional expenses was testimonial. A trial court is in a better position to make such factual or credibility determinations. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
For these reasons, it is impossible for this court to make a clear and just determination of the proper child support from this record. Pursuant to our authority under LSA-C.C.P. article 2164, the appropriate procedure in this case is to remand to the trial court for the purpose of obtaining the trial court's written reasons for the deviation. See Montgomery v. Waller, 571 So.2d 765, 769-70 (La.App. 2d Cir.1990) (Sexton, J., dissenting). See also Cucullu v. Brakenridge Lumber Co., 48 La.Ann. 677, 19 So. 688, 689-90 (1896); Martino v. Sumrall, 554 So.2d 1343, 1344-45 (La.App. 1st Cir.1989); Scott v. State, 525 So.2d 689, 691 (La.App. 1st Cir.1988), cert. denied, 558 So.2d 1128 (La.1990).
Therefore, this case is remanded to the trial court for further proceedings consistent with this opinion and in accordance with law. This court retains jurisdiction to decide the remaining issue in this appeal after the trial court has supplied the requested information.
The costs of this appeal are to be assessed upon the final determination of this matter.
REMANDED.
NOTES
[1] However, the plaintiff did not establish her federal tax credit for child care in accordance with LSA-R.S. 9:315(7).
[2] LSA-R.S. 9:315.1B provides: The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.