597 So.2d 1186 (1992)
Marilyn S. Wilson AGUILAR
v.
Stephen M. WILSON.
No. 91 CA 2006.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
*1187 Alan Fishbein, Baton Rouge, for plaintiff-appellee Marilyn S. Wilson Aguilar.
Jack M. Dampf, Baton Rouge, for defendant-appellant Stephen M. Wilson.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Marilyn Smith Aguilar (plaintiff) and Stephen M. Wilson (defendant) were divorced in 1980. At that time, plaintiff and defendant had three minor children. Defendant, who was unrepresented, stipulated he would pay plaintiff "as child support the sum of $3,000.00 per month...." By 1991, two of the children had reached majority. Defendant moved to reduce the child support. Plaintiff countered with a motion to increase the child support. After a hearing, the trial court denied both motions, maintaining the child support at $3,000.00 per month. Defendant has appealed that judgment.
Only one issue is presented for our reviewwhether the trial court manifestly abused its discretion in awarding plaintiff $3,000.00 per month support for one minor child.
LSA-R.S. 9:315-315.15 provide guidelines for the determination of child support. Under these guidelines, the trial court must determine the adjusted gross income of each parent and each parent's proportionate share of the combined amount. The court then determines the basic child support obligation by using the schedule found in LSA-R.S. 9:315.14. To this figure the court must add the net child care costs and the cost of health insurance premiums incurred on behalf of the child. The court may also add extraordinary medical expenses of the child, the expenses for attending a special or private school to meet the child's particular educational needs, and expenses for transportation of the child from one parent to the other, and may deduct certain income of the child. LSA-R.S. 9:315.2-315.8. The court then determines each parent's share of the total obligation by multiplying his or her percentage share of the combined adjusted gross income by the total support obligation. LSA-R.S. 9:315.8(C).
The schedule found in R.S. 315.14 stops at $10,000.00 per month combined adjusted monthly gross income. Both plaintiff and defendant have adjusted monthly gross income in excess of that amount. The law applicable in this circumstance is as follows:
9:315.1
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14.... If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
9:315.10
B. If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.
(Emphasis added.)
The trial court failed to give the oral or written reasons required by R.S. 9:315.1(B). Because of this deficiency, we cannot properly review the judgment to determine whether the trial court abused its discretion. We thus must remand this case to the trial court for the purpose of obtaining its written reasons for the deviation from the guidelines. Fancett v. Fancett, 590 So.2d 1250 (La.App. 1st Cir.1991), Richardson v. Richardson, 590 So.2d 1302 (La.App. 1st Cir.1991), Crockett v. Crockett, 575 So.2d 942 (La.App. 2d Cir.1991).
*1188 As this court stated in Fancett, "[t]he most helpful procedure for a reviewing court would be the inclusion by the trial court of its calculations with its reasons for the deviation." 590 So.2d at 1252. Those reasons should include the child's income, if any, included in the court's calculations, the facts the court considered in determining the totality of defendant's financial ability and circumstances, the amount found by the court to constitute the monthly needs and/or wants of the child, and the percentage of that amount attributed to each parent.
For the foregoing reasons, this case is remanded to the trial court for further proceedings consistent with this opinion and in accordance with law. La.C.C.P. art. 2161. This court retains jurisdiction to decide the issue on appeal after the trial court has supplied the requested information.
The costs of this appeal are to be assessed upon the final determination of this matter.
REMANDED.