607 So.2d 837 (1992)
Marilyn S. Wilson AGUILAR
v.
Stephen M. WILSON.
No. 91 CA 2006.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Alan Fishbein, Baton Rouge, for plaintiff-appellee Marilyn S. Wilson Aguilar.
Jack M. Dampf, Baton Rouge, for defendant-appellant Stephen M. Wilson.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
This is an appeal from a judgment of East Baton Rouge Parish Family Court maintaining child support payments of $3,000.00 per month for one minor child.
In 1980, Marilyn Smith Aguilar (plaintiff) and Stephen M. Wilson (defendant) stipulated to a divorce judgment wherein plaintiff was awarded custody of their three minor children and defendant agreed to pay "as child support the sum of $3,000.00 per month...." On March 21, 1991, defendant filed a motion to reduce the child support because two of his three children were no longer minors. Plaintiff countered with a motion to increase the child support. After a hearing, the trial court denied both motions, maintaining the child support at $3,000.00 per month. Defendant appealed contending the award for one minor child was excessive.
On appeal, this court found it could not properly review the judgment because the trial court failed to give oral or written reasons for deviating from the child support guidelines provided by LSA-R.S. *838 9:315-315.15. Accordingly, the case was remanded to the trial court for the purpose of obtaining its written reasons for the deviation.[1]
On remand, the trial court amended its judgment and stated the child support was being maintained for the reasons espoused in plaintiff's original appellate brief.[2] However, after a thorough review of plaintiff's brief, we cannot determine what calculations were made by the trial court to arrive at the $3,000.00 per month figure.
As noted in our original opinion, the child support schedule found in R.S. 9:315.14 stops at $10,000.00 per month combined adjusted monthly gross income. Plaintiff's income is approximately $10,800.00 per month, and defendant's income is no less than $32,500.00 per month. The combined adjusted monthly gross income is therefore $43,300.00 per month or over four times the highest income figure in the guideline tables. Plaintiff contends in her brief that since the guideline table's highest combined adjusted monthly income figure provides for support in the amount of $1,059.00 per month, the appropriate amount of support should be four times that figure or $4,236.00 per month. However, even if we were to assume this figure is correct, there is nothing in plaintiff's brief to explain how the court arrived at the $3,000.00-per-month figure.
The trial court was instructed on remand to provide this court with its written reasons for the deviation. We specifically stated:
Those reasons should include the child's income, if any, included in the court's calculations, the facts the court considered in determining the totality of defendant's financial ability and circumstances, the amount found by the court to constitute the monthly needs and/or wants of the child, and the percentage of that amount attributed to each parent.
597 So.2d at 1188. The trial court, however, simply adopted plaintiff's brief which we find does not address all of the above considerations.
Because of this deficiency, it is impossible for us to review the judgment to determine whether the trial court abused its discretion. Thus, we must again remand this case for the purpose of obtaining its written reasons for the deviation from the guidelines. Fancett v. Fancett, 590 So.2d 1250 (La.App. 1st Cir.1991). Since our original remand, R.S. 9:315.1(B) has again been amended by our legislature by La. Acts 1992, No. 123, which certainly is instructive as to the importance the legislature places on the requirement that the court shall give oral or written reasons for deviations.
Accordingly, this case is remanded for further proceedings consistent with this opinion and in accordance with law. This court retains jurisdiction to decide the issue on appeal after the trial court has supplied the requested information.
The costs of this appeal are to be assessed upon the final determination of this matter.
REMANDED.
NOTES
[1] Our original opinion is cited at 597 So.2d 1186 (La.App. 1st Cir.1992).
[2] Because this court retained jurisdiction to decide the issue on appeal, the trial court's amended judgment is of no effect.