KLEES, Judge.
David Blanque appeals the judgment of the trial court on his Rule for a Reduction of Child Support.
David Blanque and his ex-wife Kathleen E. Dwyer are the parents of Jennifer Lynn Blanque, who was born on March 27, 1977 with permanent physical and mental disabilities. When the Blanque’s were divorced on December 23, 1982, Kathleen Dwyer was granted permanent custody of Jennifer, and David Blanque was ordered to pay child support in the amount of $300.00 per month. This judgment was amended in 1983 to conform with a consent agreement between the parties requiring Mr. Blanque to carry health insurance on Jennifer and to pay all her medical expenses, in addition to the child support.
On August 10, 1990, Kathleen Dwyer filed a Rule to Show Cause for an increase in child support, for payment of Jennifer’s medical expenses and for arrearages in child support. This Rule was heard on October 26, 1990. On December 27, 1990, the trial court ordered that the child support be increased to $1,000.00 per month retroactive to the filing of the Rule. The court reasoned that there had been a substantial change in circumstances in that the father was earning considerably more money and the child had extraordinary needs. The court further ordered that Mr. Blanque pay Ms. Dwyer past due child support, attorney’s fees, and one-half of the amount she had incurred in extraordinary child care expenses. In response to Ms. Dwyer’s motion for a limited new trial, the court later amended its judgment to require that Mr. Blanque continue to carry Jennifer on his hospitalization plan and to pay all of her ordinary medical expenses, and further *12 that he pay his proportionate share, which was found to be seventy percent (70%), of the extraordinary child care expenses.
On January 28, 1991, approximately one month after the court rendered its judgment increasing child support, Mr. Blanque filed a Rule for Reduction in Child Support, alleging that he had experienced a substantial reduction in his income since the date of the trial. This Rule was tried on July 10 and 11,1991, along with various Rules filed by Ms. Dwyer between January and May 1991 for arrearages in child support, interest, attorney’s fees, court costs and contempt of court. During the trial, Mr. Blan-que testified that his current wife would begin full-time employment with the Jefferson Parish School Board in August 1991 at a salary of $18,000 per year. Based on this information, Ms. Dwyer filed a Rule to Increase Child Support on July 11, the second day of the trial.
After taking the matter under advisement, the trial court rendered judgment on November 21, 1991, reducing Mr. Blan-que’s child support obligation to $750.00 per month. The court noted that all other aspects of the prior judgment regarding health insurance, medical expenses and extraordinary child care expenses were to remain the same. In addition, the court awarded Ms. Dwyer various amounts in past due child support, interest and attorney’s fees, and continued indefinitely without prejudice Ms. Dwyer’s Rule to Increase Child Support.
Mr. Blanque has appealed this judgment on the grounds that the trial court erred in not ordering a greater reduction in child support. He contends specifically that the trial court erred in failing to follow the child support guidelines set forth in La.R.S. 9:315.14, in failing to give written reasons for its deviation from the guidelines, and in failing to reduce the proportion of health insurance premiums and medical and child care expenses which Mr. Blanque is required to pay.
La.R.S. 9:315.1 states that there is a rebuttable presumption that the amount of child support obtained by the use of the statutory guidelines, set forth in R.S. 9:315.14, is the proper amount. The version of the statute in effect at the time the judgment was rendered provided:
The court may deviate from the guidelines ... if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.
R.S. 9:315.1(B) (prior to its amendment by Acts 1992, No. 123).
Recently, the statute was amended to provide that the trial court must give “specific” reasons for the deviation, “including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted” the deviation. R.S. 9:315.1(B).
In this case, the trial judge did not give any reasons for judgment. On appeal, Mr. Blanque contends that, using the figures as to his income given at trial by his accountant, the largest amount of child support he would be assessed according to the guidelines is $417.26 per month. He also contends that the proportion of health insurance premiums, medical expenses and extraordinary child care expenses assigned to him should be no more than sixty-two percent (62%) under the guidelines. Because the trial court failed to give any reasons for deviating from the guidelines, Mr. Blan-que argues that the award should be reduced in accordance with the guidelines. See State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992).
Conversely, Ms. Dwyer argues that the trial judge did not deviate from the guidelines, but rather determined that Mr. Blan-que’s income was greater than that indicated by himself and his accountant because the testimony of both Mr. Blanque and the accountant was seriously discredited at trial. Ms. Dwyer also argues that if a deviation did occur, such deviation is clearly warranted by the extraordinary needs of this disabled child, as the trial judge stated in her reasons for the December 27, 1990 judgment.
*13 After reviewing the record, we agree that the testimony of Mr. Blanque and his accountant regarding his income was not completely reliable, and that the trial judge could have reasonably found that Mr. Blan-que’s means were greater than he admitted at trial. Even so, there seems to be some deviation from the guidelines, especially with regard to the percentage of health insurance premiums and medical expenses Mr. Blanque has been assessed.
We also agree with Ms. Dwyer that there are valid reasons for a deviation above the guidelines in this case. However, in the absence of written or oral reasons, it is impossible for us to decide whether or not the trial court abused its discretion in setting the child support. Therefore, we are remanding the case to the trial court with instructions to give written reasons for judgment, including the adjusted gross income of each parent; the basic child support amount according to the guidelines, as well as additional amounts for health insurance, net child care costs, and extraordinary medical expenses; the proportionate share of these expenses to be borne by each parent; and finally, any deviation from the guidelines and the specific reasons therefor. See Aguilar v. Wilson, 597 So.2d 1186 (La.App. 1st Cir.1992).
Accordingly, for the foregoing reasons, this matter is remanded to the trial court for further proceedings consistent with this opinion. This court retains jurisdiction to decide the issue on appeal after the trial court has supplied the requested information. The costs of this appeal will be assessed upon the final determination of this matter.
REMANDED.