STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-760


MICHAEL P. TYLER, ET AL.

VERSUS

JOSEPH DEJEAN, ET AL.



**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 093884
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.


APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.



Thomas Richard Edwards
Domengeaux & Wright
Post Office Box 3668
Lafayette, LA 70502
(337) 233-3033
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Michael P. Tyler
    Ivory Thomas

**Joshua Jocias Pitre**
**Attorney at Law**
**511 East Landry St.**
**Opelousas, LA 70570**
**(337) 942-1900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Felicia Guilbeau Rushing**

**David Thomas Butler, Jr.**
**Funderburk & Andrews**
**1111 S. Foster Dr., #G**
**Baton Rouge, LA 70802**
**(225) 924-1000**
**COUNSEL FOR INTERVENOR/APPELLEE:**
**Bridgefield Casualty Ins. Co.**

**Daniel R. Atkinson, Jr.**
**Perry, Atkinson, Balhoff**
**Post Office Box 83260**
**Baton Rouge, LA 70884-3260**
**(225) 767-7730**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**America First Insurance Company**
**Peerless Indemnity Ins. Co.**

**GREMILLION, Judge.**

This court, *ex proprio motu*, issued a rule to show cause on July 9, 2012, for the defendants-appellants, Peerless Indemnity Company and American First Insurance Company, to show cause, by brief only, why this appeal should not be dismissed as having been taken from a judgment which does not have proper decretal language. The appellants have filed a brief in response to this court's order. For the reasons given herein, we dismiss the appeal.

In the course of the litigation in this case, the plaintiffs-appellees and the appellants filed cross motions for summary judgment. Following a hearing on these motions, the trial court entered a written judgment which reads, in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs Michael P. Tyler, Ivory Thomas and Felicia Guilbeau Rushing (sic) Motion for Summary Judgment is Granted;
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants Peerless Indemnity Company and America First Insurance Company (sic) Motion for Summary Judgment is Denied.

The appellants have appealed this judgment. Upon the lodging of the record in this appeal, this court issued the rule to show cause under consideration herein.

In dismissing an appeal and remanding the case for clarification of the appealed ruling, this court, in *State v. White*, 2005-718, pp. 2-4 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146-47, states:

> In reviewing this case, we have discovered that the judgment is sufficiently unclear so as to render this matter improperly before us on review. In *Jenkins v. Recovery Technology Investors*, 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600, the first circuit observed that:
>
>> While the judgment contains decretal language, it does not order the payment of money, and it does not identify the defendant who is cast in judgment. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. *See Scott v. State of Louisiana*, 525 So.2d 689, 691 (La.App. 1st Cir.1988), *writ denied*, 558 So.2d 1128 (La.1990).
>>
>> A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*,

2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

The judgment in the present case is insufficient for this court's review. In short, it is difficult to discern the hearing officer's finding and, through adoption, the trial court's finding. In written reasons, the hearing officer explained that the hearing was held due to the State's rule to determine arrearage. This arrearage apparently arises from a June 24, 1999 order of child support. However, the hearing officer's ruling indicates that the entire course of Mr. White's child support obligation and related protective orders were considered. After setting forth the payment history, including the State's role in the matter as payment was made to the State beginning in 1995 and ending in 1999, the hearing officer explained that:

> The result of the comparison of what is owed by order of the court for child support and what has been paid voluntarily by the defendant, results in an overpayment by the defendant [in] the sum of $5,513.19.
> For the foregoing reasons, a recommendation for judgment recognizing an overpayment by the defendant in the amount of $5,513.19 is submitted, attached, and has been mailed by certified mail to the parties this the 10th day of February, 2004[sic].

Furthermore, the Hearing Officer's Findings and Recommendations, adopted by the trial court and declared to be its final judgment, state merely that: "Def is not in arrears--overpay[ment] in the amount of $5,513.19." This language is merely a finding or an observation, not a judgment that is "precise, definite and certain." *Jenkins*, 858 So.2d at 600. There is no indication as to what relief is granted or denied. Certainly a ruling that would require repayment by the State is a different matter than one that would require the withholding of ongoing child support owed to Mr. White's children through the operation of La.Civ.Code art. 227. We note that, although the State filed the rule to establish arrearage, Ms. Douglas appears before this court as the appellant and the State has filed a brief in support of the hearing officer's ruling. Without a definite ruling from the lower court for review, the purported judgment does not constitute a final appealable judgment; therefore, this court lacks jurisdiction to review this matter. *See* La.Code Civ.P. arts. 1911 and 2083. Accordingly, we dismiss this appeal and remand this matter to the trial court for reformation of the judgment and additional clarification of the record as necessary. In the event that an appropriate judgment is obtained, a new appeal may be filed at that time.

Likewise, in the instant case, we find that the appealed judgment is insufficient to be reviewed by this court. Therefore, we hereby dismiss this appeal at appellants' cost and remand the case to the trial court for further proceedings in accordance with this court's ruling.

**APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.**