460 So.2d 655 (1984)
Alice Diane Brogdon, Wife of/and Arnold A. GUSTAFSON, Jr.
v.
Theresa J. KOCH, Individually and as Administrator of the Estate of Her Minor Child, Theresa Hatfield, ABC Insurance Company, and John Hulitsky.
No. 83 CA 1169.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*656 Elaine W. Guillot, Slidell, for plaintiff-appellee Alice Gustafson.
James R. E. Lamz, Slidell, for defendant-appellant J. Hulitsky.
Joseph L. Bishop, Jr., New Orleans, for defendant-appellee T. Koch.
Wayne T. McGaw, New Orleans, for defendant-appellee Kemper Ins. Co.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
This suit arises from an auto accident which occurred on October 18, 1980. Plaintiffs, Brogdon and Gustafson, were awarded a judgment of $2,353.13 against defendants, Theresa Koch, individually and as administrator of the estate of her minor child, Theresa Hatfield, and against John Hulitsky. Hulitsky appealed from the judgment against him. We reverse.
The accident occurred when a car driven by Hatfield struck a car driven by Brogden. In the original petition, Brogdon named Koch and Hatfield as defendants. She later amended her petition to include Hulitsky as a defendant, on the basis that "the car driven by Theresa Hatfield was owned by defendant, Theresa Koch or John Hulitsky." At the trial, Hulitsky testified that he and Koch were legally separated prior to the accident. He also testified that there had been a community property settlement on October 8, 1980, and that the title of the car was transferred to Koch prior to the date of the accident. Brogdon presented no contradictory evidence.
In any civil case, plaintiff has the burden of proving each and every essential element of its claim by a preponderance of the evidence. One who asserts a fact must carry the burden of proof of that fact. Lincoln Big Three, Inc. v. Thomas, 444 So.2d 171 (La.App. 1st Cir.1983); Nelson v. Nelson, 421 So.2d 366 (La.App. 1st Cir. 1982). See also La.R.S. 15:439.
In the present case, Brogdon has presented no proof of Hulitsky's ownership of the car. Hulitsky testified that the car was not owned by him. Brogdon offered no proof to rebut this fact. Since it has not been shown Hulitsky was the owner of the car, he cannot have liability as an owner.
Additionally, Hulitsky cannot be liable under L.S.A.-C.C. art. 2318.[1] The driver of the car was his former step-child, and there was no proof in the record that Hulitsky ever adopted her or had been appointed her tutor. The testimony of the mother was that the driver was her child and completely in her custody. Therefore, no liability could attach under this basis.
The judgment of the trial court in favor of plaintiffs, Alice Diane Brogdon, wife of/and Arnold A. Gustafson, Jr., against *657 defendant, John Hulitsky, is hereby reversed. Costs of this appeal are assessed against plaintiff-appellee.
REVERSED.
NOTES
[1] Civil Code Art. 2318:

The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.