615 So.2d 909 (1993)
Patricia Abadie LEONARD
v.
Philip Joseph LEONARD.
No. 92 CA 1322.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*910 Stephen Peters, Baton Rouge, for plaintiff-appellant Patricia Abadie Leonard.
E. Buddy Thompson, Baton Rouge, for defendant-appellee Philip Joseph Leonard.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Plaintiff Patricia Leonard appeals the amount and composition of a judgment ordering child support payments for the three minor children of the marriage.
*911 Philip Leonard and Patricia Abadie were married on December 16, 1972. There were three children born of their union: Amanda, age 13; Brent, age 10; and Brett, age 9. At the time of trial the defendant had provisional custody of the oldest child and the two younger children resided with the plaintiff as the custodial parent.
The couple secured a judicial separation on February 4, 1991. They were divorced on July 23, 1991.
On November 4, 1991, a hearing on a rule for custody and support was heard before the district court. On March 11, 1992, a judgment issued on these rules. The judgment consisted of both, a joint stipulation of the parties and order of the court.
By stipulation, the parties agreed to the nature and conditions of the custody and visitation of the three minor children. They also agreed to the cessation of payments, by the defendant, of house and car notes, retroactively effective to April 9, 1991. Finally, they agreed that any overpayments, by Mr. Leonard, of these obligations, would be credited against his future child support obligation, over a period of the next 12 months.
The court ordered portion of the judgment, which is the subject of this appeal, reads in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that the sum of $250.00 dollars is added to the basic income of Mr. Leonard in that his company pays the medical insurance premium for he [sic] and the minor children bringing his monthly gross income to the sum of $3,066.00 dollars.
IT IS ORDERED, ADJUDGED AND DECREED that the court finds Mrs. Leonard underemployed to the extent that she was previously employed in the sum of $1,126.66 per month and that there has been no evidence to show that she has made any attempts to secure employment paying more or even interview for one paying more than $860.00 dollars per month.
IT IS ORDERED, ADJUDGED AND DECREED that Mrs. Leonard is employable in the sum of $1,126.66 per month therefore bringing the total combined gross income of the parties to $4,192.66.
IT IS ORDERED, ADJUDGED AND DECREED that the percentage breakdown is as follows:
Mr. Leonard is responsible for .73% [sic]
Mrs. Leonard is responsible for .27% [sic]
IT IS ORDERED, ADJUDGED AND DECREED that under the guidelines the combined gross income for three (3) children is $1,181.00. For one (1) child it is $393.66 and Mrs. Leonard's 27% of that amount is $106.28. To the extent that Mr. Leonard is cast for child support of the two (2) minor children in the physical custody of Mrs. Leonard she is entitled to a credit in that amount.
IT IS ORDERED, ADJUDGED AND DECREED that the shares for two (2) children under the guidelines is $787.34. Mr. Leonard's percentage of that amount, i.e. 73% is $574.75 and he is accordingly cast for child support in that amount retroactive to August 1, 1991 subject to a credit by Mrs. Leonard of the amount of child support she is cast for retroactive to August 1, 1991 in the amount of $106.28 per month.
IT IS ORDERED, ADJUDGED AND DECREED that with respect to the health insurance and the non-reimbursed medicals including the deductible Mrs. Leonard is responsible for .27% [sic] of these amounts including the premium paid by the company and Mr. Leonard is responsible for .73% [sic] retroactive to August 1, 1991.
IT IS ORDERED, ADJUDGED AND DECREED that with respect to daycare expense, Mr. Leonard is responsible for.73% [sic] of daycare costs incurred and Mrs. Leonard is responsible for .27% [sic] and Mrs. Leonard is to provide Mr. Leonard with a verified receipt for daycare costs after they are incurred and Mr. Leonard is to reimburse Mrs. Leonard his percentage (%) of that receipt within seven (7) days of receipt of the receipt retroactive to August 1, 1991.
*912 On appeal, Mrs. Leonard contends that the trial court erred in finding she was underemployed and by using her potential income in establishing the child support obligation. Mrs. Leonard also contests the court's method of implementing the statutory guidelines in establishing child support. La.R.S. 9:315 et seq.
In her first four assignments of error Mrs. Leonard contends that the trial court erred in finding that she was underemployed and by utilizing her potential income, rather than her actual income, in arriving at the combined gross income and child support figures owed for the three minor child. We do not agree.
The trial court found that Mrs. Leonard was underemployed in that she is now earning $860 per month, but she had previously earned $1,126.66 per month. Based upon her potential earnings, the court added this figure to the gross monthly income of her former husband ($3,066.00) and arrived at a total combined gross income for the parties of $4,192.66. Utilizing these respective earnings figures, the court concluded that plaintiff would be responsible for 27% of the support payments and her former husband's responsibility would be 73%. Accordingly, since the guidelines indicated a total support figure of $1,181.00 for three children, based upon these percentages, the plaintiff would owe monthly $106.28 for the one child cared for by her former husband and $212.59 for the two children in her care; while defendant would owe monthly $287.38 for the one child cared for by him and $574.75 for the two children cared for by his former wife.
The record reveals the following facts concerning the issue of the plaintiff's underemployment:
On November 4, 1991, at the time of the hearing on the rule for support, Patricia Leonard testified that she was employed as a secretary and bookkeeper for Southland Construction Company. She had been so employed since May 15, 1991. She testified that she earned $5.00 per hour for a 40 hour week and thus, had a gross income of $200 per week.
Prior to this time she was employed by Thermal Performance as a bookkeeper earning $260 per week (of which $40 was a reimbursement for gasoline). She stated that she left this job because it was a new business which could not support her salary. She admitted that she now earns $240 per month less than she did at Thermal Performance. Her current salary is $866 per month.
According to Mrs. Leonard she has looked for a higher paying job since she left school (from December through February). She also stated that she continues to search for a higher paying job without success.
It is clear, from the court's reasons for judgment, that the trial court did not believe Mrs. Leonard's unsubstantiated testimony concerning her alleged unsuccessful efforts to secure more lucrative employment. The court stated the following:
The Court further finds that Mrs. Leonard is underemployed to the extent that she was previously employed in the sum of $1,126.66 per month. Mrs. Leonard testified that she is attempting to find another job that will pay her that amount of money but presented absolutely no evidence to show, in fact, that she had made any attempts to secure a job, or even interview for a job that would pay more than the $860.00. Therefore, the court finds that Mrs. Leonard is employable in the amount of $1,126.66 which was her salary at her previous job.
Under these circumstances, where this factual finding rests upon credibility of the witnesses, we cannot say the trial court is clearly wrong in its finding that Mrs. Leonard was underemployed. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). These four assignments of error lack merit.
In her fifth assignment of error Mrs. Leonard contends that the trial court erred in its method of using the child support tables set forth in Louisiana Revised Statute, Title 9 Section 315.14. In particular she argues that the court should have individually figured the support for the one *913 child in his care and the support for the two children in her care, as opposed to the costs for all three children together. She contends that the court's method deprives her of additional support in the amount of $56.76 per month.
We find no error in the court's method of calculating the basic child support obligation.
La.R.S. 9:315.2 sets forth the method to be utilized in arriving at a couple's basic child support obligation:
Sec. 315.2. Calculation of basic child support Obligation
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.

E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part. (Emphasis Added)
There were three "children involved in the proceeding". Additionally, the tables refer to the "Total" number of children involved, which in this case, was three. Hence the court utilized the following information derived from the table:

R.S. 9:315.14
COMBINED
ADJUSTED SIX
MONTHLY ONE TWO THREE FOUR FIVE OR MORE
GROSS CHILDE CHILDREN CHILDREN CHILDREN CHILDREN CHILDREN
INCOME (TOTAL) (TOTAL) (TOTAL) (TOTAL) (TOTAL) (TOTAL)
----------------------------------------------------------------------
....
4200.00 607 944 1181 1331 1452 1553

Thus, the court correctly concluded that the joint basic support obligation for the three children was $1181 per month (not 607 + 944). We find no error in this regard. Assignment of Error No. 5 lacks merit.
In Assignments of Error Numbers 6 and 7 the plaintiff assails the items included for the health care of the three minor children.
With regard to health care costs, the court issued the following decree:
IT IS ORDERED, ADJUDGED AND DECREED that the sum of $250.00 dollars is added to the basic income of Mr. Leonard in that his company pays the medical insurance premium for he and [sic] the minor children bringing his monthly gross income to the sum of $3,066.00 dollars.
* * * * * *
IT IS ORDERED, ADJUDGED AND DECREED that with respect to the health insurance and the non-reimbursed *914 medicals including the deductible Mrs. Leonard is responsible for .27% [sic] of these amounts including the premium paid by the company and Mr. Leonard is responsible for .73% [sic] retroactive to August 1, 1991.
Plaintiff first contends that it was error for the trial court to make her responsible for her share of non-reimbursed medicals including deductibles. She reasons that it was never intended that the parties should be responsible for all medical expenses incurred in the future because, she alleges, these expenses are presumed to be a part of the children's basis support under the guidelines.
La.R.S. 9:315.5 provides the court may order the parents of the children to assume the responsibility for "extraordinary medical expenses incurred on behalf of the child" (or children). "Extraordinary medical expenses" are statutorily defined in La.R.S. 9:315:
(3) `Extraordinary medical expenses' means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.
According to the statutory language it is clear that the legislature intended for the parents to be responsible for the "reasonable and necessary" costs of those medical illnesses or conditions of their children which were not covered by insurance and which total more than $100 for a single illness or condition. It is clear that these were the "non-reimbursed medicals" to which the trial court alludes.
With regard to the health insurance covering the minor children of the marriage, Mrs. Leonard appears to argue that she should not be held responsible for a proportionable share of the deductible, nor premium, because the health insurance is provided by her former husband's employer, Baton Rouge Storm & Insulating Windows, Inc.
The statutory child support guidelines provide that the cost of health insurance premiums is to be added to the basic child support obligation. La.R.S. 9:315.4. In defining "health insurance premiums" the statute provides:
(5) `Health insurance premiums' means the actual amount paid by a party for providing health insurance on behalf of the child. It does not include any amount paid by an employer or any amounts paid for coverage of any other persons....
In that the deductible is an actual amount which must be paid in order that health care insurance may be provided, we find no error in dividing this cost proportionately between the respective parents of the minor children, as part of the "health insurance premiums."
Finally, we reject plaintiff's argument that since her former husband's employer pays the health care premium that she should not be cast for a proportionate share of this expense.
In this case the trial judge took into account the fact that Mr. Leonard's employer pays the health insurance premium on the policy covering himself and his three minor children. Instead of disregarding the premium paid by the employer, the court inflated Mr. Leonard's income by the monthly cost of the premium ($250) and then assessed him and the plaintiff with their proportionate share of this expense. We find no error in this method of calculation.
We do, however, note one error in this calculation. The premium of $250 is for medical insurance for Mr. Leonard and the three minor children. As such Mrs. Leonard cannot be held responsible for 27% of the total premium, but only of the amount of the premium which applies to the three minor children. Accordingly, the judgment is amended to provide that Mrs. Leonard shall be responsible for 27% of $187.50 per month of the health insurance premium.
In Assignment of Error Number 8, plaintiff contends that it was error for the *915 trial court to segregate the medical and child care costs, instead of adding them to the parties' respective basic child support obligation. As such, plaintiff argues that this method of calculation is contrary to the directive set forth in La.R.S. 9:315.8, which provides for the calculation of the total child support obligation:
La.R.S. 9:315.8. Calculation of total child support obligation; worksheet
A. The total child support obligation shall be determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses.
B. A deduction, if any, for income of the child shall then be subtracted from the amount calculated in Subsection A. The remaining amount is the total child support obligation.
C. Each party's share of the total child support obligation shall then be determined by multiplying his or her percentage share of combined adjusted gross income times the total child support obligation.
D. The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule.
. . . .
In the present case the court arrived at the basic support obligations of the respective parties in a percentage and dollar amount. It thereafter added to this the items of medical and child care costs, expressed only in a percentage amount. Although it would appear, from the formula set forth above, that it is desirable to express these items in a dollar amount, we know of no prohibition to having them set forth as they are in the present judgment. Since these are expenses which may vary in amount from one period to another, we find no error in the manner of presentation.[1]
We find no merit with this assignment of error.
In Assignment of Error Number 9, Mrs. Leonard contends that the trial court erred in requiring her to prepay the child care expense and seek reimbursement, by verified receipts, presented to her former husband for collection of his proportionate share of this expense. She contends that this method is contrary to La.R.S. 9:315.8(D).
The trial court issued the following order concerning the award of child care expense:
IT IS ORDERED, ADJUDGED, AND DECREED that with respect to daycare expense, Mr. Leonard is responsible for.73% [sic] of daycare costs incurred and Mrs. Leonard is responsible for .27% [sic] and Mrs. Leonard is to provide Mr. Leonard with a verified receipt for daycare costs after they are incurred and Mr. Leonard is to reimburse Mrs. Leonard his percentage (%) of that receipt within seven (7) days of receipt of the receipt retroactive to August 1, 1991.
The child care obligation of the respective parties is expressed as a percentage obligation in the judgment. For the reasons previously discussed, we find no error in that regard. Additionally, we find the requirements that Mrs. Leonard prepay these expenses for the two minor children in her care and thereafter seek reimbursement by verified receipt and that Mr. Leonard pay said expense within 7 days of receipt to be reasonable and not offensive to the letter or the spirit of the statutory guidelines for child support. La.R.S. 9:315 et seq.
The circumstances of this case warrant such an arrangement. That is, the children needing child care are those in Mrs. Leonard's *916 custodial care. She is currently utilizing a twelve year old baby sitter to care for her children. The baby sitter is paid in cash for her services. Mrs. Leonard stated at trial of this matter that she formerly had the children in child care at a commercial establishment where she paid $70 per week and she may again need to utilize such a method of child care, if she were to lose this sitter.
Due to the volatile nature of the child care situation, a dollar amount added to the basic child support judgment would not be feasible and would necessitate an amendment with each variance in the amount paid for child care. Since a commercial establishment is not being utilized, it is not practical to have Mr. Leonard pay his proportionate share directly to the provider.
For these reasons we find no error in the method of payment concerning the child care obligation chosen by the trial court.
For the reasons assigned the judgment of the trial court is amended to provide that Mrs. Leonard shall be responsible for 27% of $187.50 per month of the health insurance premium. In all other respects the judgment is affirmed. The parties to this litigation shall share the costs of this appeal.
AMENDED AND AFFIRMED.
GONZALES, J., respectfully dissents and will assign reasons.
GONZALES, Judge, concurring in part, dissenting in part.
I do not agree, in part, with the majority opinion in this case for the reasons which follow. First, I do not think that the circumstances of Mrs. Leonard's employment can be legally considered as "underemployed". La.R.S. 9:315.9 allows inflation of a party's actual earnings to his/her "income earning potential" only where the party is "voluntarily unemployed or underemployed". "Income" is defined in La.R.S. 9:315(6) as follows:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
Mrs. Leonard testified that the first company for which she worked did away with the bookkeeper position which she held there and laid her off; the loss of Mrs. Leonard's job based on this testimony cannot be considered "voluntary". The trial court emphasized that "Mrs. Leonard testified that she is attempting to find another job that will pay her that amount of money but presented absolutely no evidence to show in fact, that she had made any attempts to secure a job, or even interview for a job that would pay more than the $860.00." However, neither the attorneys nor the court asked Mrs. Leonard whether she had actually applied for or interviewed for any higher paying jobs. It is an elementary rule of law that one who asserts a fact must carry the burden of proof of that fact and the fact must be established by a reasonable preponderance of the evidence. Meyer v. State of Louisiana, Department of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La.1975); Dupre v. Joe's Riverside Seafood, Inc., 578 So.2d 158 (La.App. 1st Cir.1991); Gustafson v. Koch, 460 So.2d 655 (La.App. 1st Cir.1984).
In this case, the issue is whether Mrs. Leonard is underemployed. In considering the concept of underemployment it should generally be determined whether the party has accepted a lower paying job outside his/her profession, skill or trade, or whether the party although working at a job within his/her profession, skill or trade is working at a wage/salary lower than could actually be obtained. Mrs. Leonard testified that she was a bookkeeper working at the rate of $5 per hour or $200 per week, at the time of the hearing, and that previously she had a job as a bookkeeper at the rate of $260 per week. She further testified that she was terminated from the $260 per week job, and has been unable to secure *917 employment at a wage higher than $200 per week.
The burden of proof is not on Mrs. Leonard to show she is not underemployed, and Mr. Leonard did not offer any proof on that issue. There was a complete absence of testimony in the record to show that higher paying jobs actually existed in the bookkeeping field. Although the majority opinion states that our review is under the manifest error standard, I believe that the trial court has made a legal error in placing the burden of proof on this issue on Mrs. Leonard. Therefore, I would find the trial court erred in finding Mrs. Leonard was underemployed.[1]
I also find merit in appellant's arguments that the child support schedule was improperly applied by the trial court. When the child support guidelines are read in their entirety, it is evident that the legislature intended that a determination of support owed be based on the number of children living in the household of the party applying for support. Where the parties each have children of the marriage living with them and both seek support, an individual determination should be made with regard to each party, and thereafter the awards offset. Thus, for Mrs. Leonard, who has two children living with her, reference to the column designated "TWO CHILDREN" should be made, and likewise as to Mr. Leonard's claim for support, reference to the column designated "ONE CHILD" should be made. It is evident, as argued in appellant's brief, that some costs of establishing the household are attributable to the child, and where two households are involved, reference to the total number of children of the marriage does not take into account two separate households for the children, as would reference to separate columns corresponding to the number of children in each respective household.[2]
With regard to the judgment of the trial court that Mrs. Leonard reimburse Mr. Leonard, 27% of the "non-reimbursed medicals including the deductible", I believe appellant is correct in her argument that these expenses are presumed to be a part of the child's basic support under the guidelines. To the extent that the majority opinion upholds that position, I agree with it; however, I would modify the judgment of the trial court to make this point clear (i.e., Mrs. Leonard is liable only for 27%[3] of any non-reimbursed medicals over the amount of $100 for a single illness or condition), in accordance with La.R.S. 9:315(3).
I do not agree with that portion of the opinion which affirms and amends the assessment of a portion of the health insurance premium to Mrs. Leonard. There is no testimony in the record to establish what portion of the total family premium of $250 is attributable to the children. This court cannot simply assume that a proportional share of the $250 is attributable to each person insured, unless as authorized by 9:315(5) only the children are insured. Commonly with health insurance policies, a larger share is charged for the individual employee's coverage and thereafter a smaller amount is charged for additional insureds. Mr. Leonard did not sufficiently prove what amount of the insurance premium was solely attributable to the children. Therefore, I do not believe he is entitled to recover for this expense.
For these reasons, I respectfully concur in part, and dissent in part.
NOTES
[1] Mrs. Leonard testified that her child care costs with Kinder Care were $70 per week, however, at the time of trial she had a babysitter who costs only $25.00 per week; but this could change.
[1] Consequently, I would arrive at a combined adjusted income of $3,926.00 ($860.00 per month for Mrs. Leonard and $3,066.00 per month for Mr. Leonard). Thus, Mrs. Leonard's share of child support would be 22% and Mr. Leonard's share of child support would be 78%.
[2] Applying the schedule in this manner [and per La.R.S. 9:315.10(A.)] would result in a child support obligation for Mr. Leonard's one child of $576.12, and for Mrs. Leonard's two children of $896.20. Thus, Mr. Leonard would owe Mrs. Leonard $699.04 in support, and Mrs. Leonard would owe Mr. Leonard $126.75 in support.' Offsetting these two amounts would result in Mr. Leonard owing Mrs. Leonard $572.29 per month.
[3] And in accordance with the opinions expressed herein, I believe the correct percentage owed by Mrs. Leonard is 22%.