671 So.2d 444 (1995)
Kay Bates COLVIN
v.
Richard Keith COLVIN.
No. 94 CA 2143.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied January 5, 1996.
*445 Mary Olive Pierson, Baton Rouge, for Plaintiff-Appellee, Kay Bates Colvin.
Paul M. Hebert, Jr., Baton Rouge, for Defendant-Appellant, Richard Keith Colvin.
Before: CARTER, PITCHER and CRAIN[1] JJ.
HILLARY J. CRAIN, Judge Pro Tem.
Richard Keith Colvin appeals a district court judgment establishing his child support obligation.[2]

FACTS
Richard Keith Colvin and Kay Bates Colvin ("Kay Bates") were married in September, 1979. They had three children: Charles, William, and Mary.[3] A divorce was granted in July, 1993. Trial of the issues of custody and child support was held, and judgment was rendered.
In accordance with the parties' stipulation, the district court recognized a joint custody plan wherein Kay Bates is the domiciliary parent of William and Mary, and Richard Colvin is the domiciliary parent of Charles. During every two week period, excluding holidays and summers, Charles will spend five days with his mother, and William and Mary will spend five days with their father. The children will spend eight weeks of summer vacation with their non-domiciliary parent and three weeks with their domiciliary parent.
Richard Colvin was ordered to pay $2,003.10 monthly as child support. This portion of the judgment was made retroactive to January 1, 1994. Kay Bates was ordered to pay for the educational expenses of the children up to $417.00 per month. The court further awarded Kay Bates child support of $3,838.44 per month for the period from June 25, 1993 through December 31, 1993. Ms. Bates was the custodian of all three children during this interval.[4]
Both parties were ordered to maintain hospitalization and health insurance on the children. All uncovered medical, dental, and prescription drug expenses are to be shared; Mr. Colvin will pay 69.6% and Ms. Bates will pay 30.4%.

ASSIGNMENTS OF ERROR
Richard Colvin assigns as error the district court's abuse of discretion in: (1) extrapolating from the Schedule of Basic Child Support Obligations without considering the needs and expenses of the children or any other facts and circumstances, (2) dividing the total support obligation by three to arrive at the support obligation for each child, and (3) failing to adjust the child support obligation in consideration of the time each child is with the non-domiciliary parent.

LEGAL PRINCIPLES
Guidelines are provided for the calculation of the child support obligation. La.R.S. 9:315-315.15. The district court is to determine the combined adjusted monthly gross income of the parents and assign a percentage of the total to each according to their proportionate share of the combined income. The schedule in La.R.S. 9:315.14 is then utilized to find the child support obligation.
*446 The combined adjusted monthly gross income and the number of children are the two factors employed.
Net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses must be added to the basic child support obligation amount to determine the total child support obligation. La.R.S. 9:315.8. The court may add any expenses for attending a special or private school, and may also add any expenses for transportation of the child from one party to the other. La.R.S. 9:315.6.
If the combined adjusted gross income of the parties exceeds the highest level specified in the Schedule of Basic Child Support Obligations, La.R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation. The obligation, in circumstances such as these, can not be lower than the highest amount found in the schedule. La.R.S. 9:315.10(B). The highest combined adjusted monthly income in the schedule is $10,000.00. and the highest corresponding obligation for three children is $2,062.00.
Under the clear provisions of La.R.S. 9:315.10(B), the district court has discretion in setting the amount of the basic child support obligation when the combined adjusted monthly gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. Aguilar v. Wilson, 613 So.2d 228, 229 (La.App. 1st Cir.1992) writ denied, 614 So.2d 66 (La.1993).
When the court deviates from the guidelines, it shall give oral or written reasons for the deviation. La.R.S. 9:315.1(B). This court has held that in cases where the parties have a combined adjusted gross monthly income in excess of $10,000.00 and the court must use its discretion when setting the basic child support obligation, oral or written reasons are required under La.R.S. 9:315.1(B). Aguilar, 613 So.2d at 228. See also, Aguilar v. Wilson, 597 So.2d 1186, 1187 (La.App. 1st Cir.1992), appeal after remand, 607 So.2d 837, 837-838 (La.App. 1st Cir.1992).
Understood in the application of discretion is the realization that there is no universal mathematical formula that can be applied. As each case turns on the unique facts presented, the district court's reasons for its decision are necessary and helpful to the reviewing court.

ANALYSIS
The district court determined that $22,266.00 was the parties' combined adjusted gross monthly income. Ms. Bates' percentage share of the total income was 30.4% and Mr. Colvin's share was 69.6%.
Because the combined gross monthly income is higher than $10,000.00, the court must use its discretion in setting the basic support obligation. La.R.S. 9:315.10(B).
The district court gave detailed and well articulated reasons for its judgment. It was found that the income of the parties was 2.23 times that of the schedule's highest income ($22,266.00/$10,000.00). The court then multiplied $2,062.00, the highest basic child support obligation for three children, by 2.23 to arrive at the basic child support obligation, $4,598.00.
To this amount, the court added $500.00 for child care expense and $417.00 for expenses of private schooling for the two boys. The total child support obligation was found to be $5,515.00 per month.
The court then divided the total child support obligation ($5,515.00) by the number of children (3) to arrive at the obligation per child ($1,838.33), following Leonard v. Leonard 615 So.2d 909 (La.App. 1st Cir.1993).
To find Mr. Colvin's child support obligation, the obligation per child ($1,838.33) was multiplied by the number of children in the domicile of Ms. Bates (2), and the product was then multiplied by Mr. Colvin's percentage share of the combined income (69.6%). After this calculation, Mr. Colvin's child support obligation was found to be $2,558.95. The same formula was used to find Ms. Bates' child support obligation. The obligation per child ($1,838.33) was multiplied by the number of children in the domicile of Mr. Colvin (1), and the product was then multiplied by Ms. Bates' percentage share of *447 the combined income (30.4%) to arrive at Ms. Bates' child support obligation of $558.85. After offset, Mr. Colvin was adjudged to owe Ms. Bates $2,003.10 per month.[5]
In the first assignment of error, Mr. Colvin argues that extrapolating from the Schedule of Basic Child Support Obligations without considering the needs and expenses of the children or any other facts and circumstances is an abuse of discretion.
We cannot say that the court abused its discretion in finding the basic child support obligation.
In its written reasons, the district court recognized that the guideline figures address the needs of the children in that the guideline is based on the income share model. As quoted by the court:
The major principles of this model are that the amount of money required for the support of a minor child is greater than the total cost of the child's subsistence level needs, that the required amount is dependant upon the income of the child's parents, and that each parent should contribute toward his or her child's financial support in proportion to that parent's income.
Louisiana's Child Support Guidelines: A Preliminary Analysis, 50 La.L.Rev. 1057, 1061.
Furthermore, in using the child support figure from the table in its calculation, the court employed the guideline principle that the expenses of three children are not triple that of one child. See, Louisiana's Child Support Guidelines: A Preliminary Analysis, 50 La.L.Rev. 1057, 1078 (1990); Blakesley, Louisiana Family Law, 52 La.L.Rev. 607, 610 (1992).
The district court also correctly recognized that "the amount of the award[,] while maintaining the child's status, must be limited by reasonableness considering the basic needs of the child[ren] and [the parties'] ability to pay."
Mr. Colvin argues that the only proof of the expense of the children's needs was provided by Ms. Bates in her answers to interrogatories and amounted to $2,664.50 per month. Mr. Colvin correctly points out that this amount is below $4,598.00, the basic child support obligation found by the court.
The amounts provided by Ms. Bates were designated as an approximation (as recognized by appellant when stating that the expenses were derived from a review of a seven month period). Again, mathematic certainty is impossible, and the court must use its discretion.
Most importantly, we quote with approval a note made by the district court judge in his written reasons for judgment:
This court appreciates the calculations made by counsel. Obviously much time and effort were expended attempting to ascertain an award with mathematical certainty. However, this court firmly believes that mathematical certainty is not always in the best interest of children. When the combined adjusted gross income is within the guidelines the court may deviate from simple mathematical certainty "... if their application would not be in the best interest of the child ...". LSA R.S. 9:315.1B. When the combined adjusted gross income is greatly in excess of the guidelines, best interest must be considered in exercising discretion. To do this, the court must, wherever possible because of excess income of a parent or parents, fix an award which may enable a parent to afford more than basic needs, or subsistence living for the children. This may on occasion result in an award higher than that resulting from absolute adherence to any formula derived from statues or jurisprudence or theories expounded by social engineers. This may be particularly true when such a disparity in income exists no matter what numbers are crunched by legislators or social engineers who do not sit and listen and observe these matters daily.
In the matter at hand, the basic child support obligation of $4,598.00, in light of the income of the parents and the past lifestyle *448 of the children, as reflected in the record, is not unreasonable and cannot be considered an abuse of the district court's discretion.
The second assignment of error is that it was improper to divide the total basic support obligation by the number of children to arrive at the obligation for each child when custody is split between the parents.
We find no error in the court's method of calculation. The district court followed our ruling in Leonard v. Leonard 615 So.2d 909 (La.App. 1st Cir.1993) and divided the basic child support obligation by the number of children. Although Leonard involved income within the guidelines, unlike the present case, we find that the employment of the same method of calculation results in a reasonable division.
In the third assignment of error, Mr. Colvin argues that the district court abused its discretion in failing to adjust the child support obligation in consideration of the time each child spends with the non-domiciliary parent according to La.R.S. 9:315.8(E).
The district court's written reasons for judgment show that the court did consider the time spent with each parent but declined to make any adjustment. It was stated that each parent is a domiciliary parent and the children spend almost equal time with each parent. The court noted that, because the mother would be responsible for two children and the father's income is more than double that of the mother, no adjustment was necessary.
While we disagree with the court's reasoning, we find that there was no abuse of discretion. Louisiana Revised Statute 9:315.8(E) requires consideration of the continuing expenses of the domiciliary party. Ms. Bates must maintain a home for all three children at all times. She is also cast in judgment to pay the educational expenses of all children up to a maximum of $417.00 per month. This includes Charles' private school expenses.
While the two children, Mary and William, will spend the majority of the summer months with their father, Ms. Bates will have the two children for the majority of the other nine months of the year. Additionally, visitation with the non-resident parent will occur during the summer, and the custody agreement allows arrangements to be made that would allow all children to spend time together during the summer.

CONCLUSION
After a thorough review of the record and upon considering all of the circumstances of this case, we find no abuse of the district court's discretion. We do, however, note a mathematical error. In subtracting Ms. Bates' portion of the obligation, $558.85, from Mr. Colvin's portion, $2,558.95, the court arrived at $2,003.10 as the net obligation owed by Mr. Colvin. This figure should be $2,000.10.

DECREE
For the above and foregoing reasons, the district court's judgment is AMENDED to provide that Richard Keith Colvin is ordered to pay Kay Bates Colvin as child support the sum of Two Thousand and 10/100 Dollars ($2,000.10) per month. In all other respects, the judgment of the district court is AFFIRMED. Costs of this appeal are assessed against Richard Keith Colvin.
AMENDED AND AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Kay Bates Colvin filed a brief in response to Mr. Colvin's appeal wherein she raised additional issues and requested a modification of the judgment. An appellee's brief does not satisfy the requirements of La.C.C.P. art. 2133 as it is neither an answer nor an appeal. Hospital Corporation of America v. Robinson, 499 So.2d 246, 248-249 (La.App. 1st Cir.1986). Thus, we cannot entertain her request.
[3] At the time of judgment, Charles was 13, William was 12, and Mary was 9.
[4] A credit was given for all payments made by Mr. Colvin.
[5] A mathematical error appears in the court's calculation. When subtracting $558.85 from $2,558.95, the result is $2,000.10, rather than $2,003.10 as found by the court. This matter will be addressed later in the opinion.