779 So.2d 917 (2000)
Glenda FINN
v.
Jeffrey J. JACKOWSKI.
No. 99 CA 2808.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*919 Alan S. Fishbein, Baton Rouge, Counsel for Plaintiff/Appellant Glenda Finn.
H. Michael Aaron, Baton Rouge, Counsel for Defendant/Appellee Jeffrey J. Jackowski.
Before CARTER, C.J., WEIMER and CONQUE[1], JJ.
CONQUE, J. Pro Tempore.
This appeal is from a judgment setting child support. The plaintiff, Glenda Finn, and the defendant, Jeffrey Jackowski, are the biological parents of Kaetlyn Jackowski, who was born on February 12, 1998. The child was born with a severe gastrointestinal disorder known as "short bowel syndrome" and other health problems. As a result of these health problems, she has undergone four surgical procedures since birth. At the time of the hearing, she required daily private home health care and was restricted to an expensive special formula diet.
On November 30, 1998, Glenda Finn filed a petition seeking sole custody of Kaetlyn and child support. Jeffrey Jackowski has acknowledged the child and has stipulated that the plaintiff is to have sole custody of her. Jackowski is also legally obligated to support three other children, who are not the subject of this litigation, but who live in his household.
Mr. Jackowski earns approximately $120,000 a year, and Ms. Finn earns about $45,000, for a combined monthly income of $13,750. The combined monthly income of the parties exceeds the maximum combined monthly income of $10,000 a month used in calculating child support by $3,750 a month.[2] Of this combined income, Mr. Jackowski's income represents 73%, and Ms. Finn's income represents 27%. Because of Kaetlyn's particular needs, Ms. Finn seeks to have Mr. Jackowski contribute his proportionate share of Kaetlyn's extraordinary expenses, including the cost of the formula, home day care, and uncovered medical expenses, in addition to general monthly child support.
The trial court ordered Mr. Jackowski to pay $775.00 a month for the support of the child, plus 50% of the cost of daycare, 50% of the cost of special formula, and 50% of all uncovered medical, dental, eye and orthodontic expenses of the child. Ms. Finn has appealed this award. In her assignments of error, Mrs. Finn asserts that the trial court was manifestly erroneous in considering Mr. Jackowski's obligation to support his other three children without any evidence of the expenses involved; that the trial court abused its discretion in determining the amount of basic child support; and that the trial court was manifestly erroneous in ordering Mr. Jackowski to pay only 50% of Kaetlyn's extraordinary medical expenses, rather than his full pro rata share of 73%.

THE APPLICABLE LAW
Louisiana Revised Statutes, Title 9, provides in pertinent part:
§ 315.1. Rebuttable presumption; deviation from guidelines by court; stipulations by parties
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties....

*920 C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14.... If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
§ 315.10. Amounts not set forth in or exceeding schedule
. . . .
B. If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.
§ 315.3. Net child care costs; addition to basic obligation
Net child care costs shall be added to the basic child support obligation.
§ 315.5. Extraordinary medical expenses; addition to basic obligation
By agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation.
§ 315.8. Calculation of total child support obligation; worksheet
A. The total child support obligation shall be determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses.
. . . .
C. Each party's share of the total child support obligation shall then be determined by multiplying his or her percentage share of combined adjusted gross income times the total child support obligation.

DISCUSSION

Assignment of Error Number One:
In her oral reasons for ruling issued at the end of the hearing on child support, the trial judge made reference to the need for considering Mr. Jackowski's legal obligation to support his other three children, who are not the subject of this litigation, in determining the amount of basic child support for Kaetlyn.
[T]his court would be very remiss if they [sic] did not consider that there are three other children who are depending on Mr. Jackowski for their support, and I don't think anybody's guidelines ever foresaw where you totally robbed from some children to take (sic) from another one, so that's why they've allowed the court to balance those amounts .... and weighing all the factors that I've already read to you that I weighed, and especially considering three children in one household versus one child in one household....
The appellant maintains that it was manifestly erroneous for the trial judge to give any consideration whatever to Jackowski's obligation to support his other children because the record is devoid of any evidence pertaining to that obligation. As support for this assignment of error, the appellant cites Guillot v. Munn[3] and *921 Authement v. Authement[4], which hold that, if the court sees fit to deviate from the child support guidelines pursuant to La. R.S. 9:315.1 C(2), then that deviation must be supported by an evidentiary basis.
The fundamental justification for any deviation from the child support guidelines is a determination that strict application would either not be in the best interest of the children or would be inequitable to the parties[5]. It clearly follows then, that the record must necessarily include an evidentiary basis to show that the application of the guidelines in a particular case will indeed cause one or both of these undesirable results. Without some evidence of the expenses of the children, who are not the subject of the litigation, and the impact of these expenses on the available income of the responsible parent, a court cannot conclude that strict adherence to the guidelines would be inequitable.
However, it must be noted that the above principle only applies when the court is considering the obligation to support the other children as a reason to deviate from the amount of child support obtained by the use of the guidelines schedule, which is normally presumed to be correct. That is not the case here. In this case, the deviation from the guidelines is mandated by the fact that the combined income of the parties exceeds the highest sum shown on the schedule. Once this is established, then the court is no longer using the schedule at all, but rather, pursuant to La. R.S. 9:315.10, is mandated to use its discretion in setting the amount of the basic child support obligation, with the sole limitation that the amount shall in no event be less than the highest amount provided for in the schedule. Thus, the court is directed to use its discretion in arriving at the appropriate amount of support in such cases, and to consider all factors, which, in its discretion, should be considered under the particular circumstances of each individual case.
Once the initial deviation from the guidelines occurs, and the court is making its determinations in accord with La. R.S. 9:315.10, then all considerations by the court regarding the amount of child support should remain undisturbed, unless an abuse of discretion is evident. We find no abuse of discretion in the court's decision to consider the fact that three other children were dependent upon Mr. Jackowski for support, even without specific evidence of the impact of this obligation on his ability to support the child, who is the subject of this litigation.

Assignment of Error Number Two:
The second assignment of error raised by the appellant is that the court did, in fact, abuse its discretion in determining the basic child support obligation, and as a result, the amount is excessively low. The appellant correctly interprets La. R.S. 9:315.10 to mean that $1,059.00 per month is the very minimum that the court can set as the basic child support when the combined income of the parents exceeds $10,000. The appellant suggests that the trial court should have added to the minimum basic child support of $1,059.00 a month, the additional sum of $500 a month, which is the amount of support provided for in the schedule for parents whose combined income is $3,750.00 a month ($3,750 is the figure representing the amount by which the income of the parties exceeds the highest amount in the schedule). In effect, the appellant maintains that the trial court should extrapolate from the guidelines in order to arrive at an amount of child support in this case.
This court has upheld awards based on extrapolation,[6] but has never mandated *922 that this method be employed. The primary concern has always been simply that the best interest of the children be the overriding consideration in exercising discretion to determine a child support obligation, when the combined gross income is in excess of the child support guidelines. In this case, the trial judge has chosen to set the basic child support amount at the minimum, and to supplement this amount with contributions from Mr. Jackowski to help with the cost of daily care, special diet and uncovered medical expenses. She did this because she felt that this was the most appropriate way to attend to the best interests of all of Mr. Jackowski's children. She carefully considered all of the factors relevant to the income and expenses of the parties in this case. We do not find that the trial judge abused her discretion in not extrapolating from the guidelines to arrive at the basic child support obligation.

Assignment of Error Number Three:
The third assignment of error is that the court was manifestly erroneous in ordering Mr. Jackowski to contribute to the cost of child care, special diet and uncovered medical expenses at the rate of only 50%, rather than his proportionate share, 73%. The appellant correctly states the law. La. R.S. 9:315.3 and 315.5 clearly provide that net child care costs and extraordinary medical expenses shall be added to the basic child support obligation. La. R.S. 9:315.8 then sets forth the manner in which the total child support obligation is calculated:
A. The total child support obligation shall be determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses.
. . . .
C. Each party's share of the total child support obligation shall then be determined by multiplying his or her percentage share of combined adjusted gross income times the total child support obligation.
The clear wording of the statute requires that the trial judge must first determine the total child support obligation by adding together the basic child support obligation, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses. Then, each party's share of the total child support obligation shall be determined by calculating his or her percentage share based on income.
The trial court must use its discretion to determine the basic child support obligation, the net child care cost and the medical and other extraordinary expenses, but it is error for the court to modify the percentage share of the total child support obligation to be paid by each parent, as these percentage shares are not discretionary.
When such extraordinary expenses may vary from time to time, this court has recognized the desirability of expressing each parent's obligation in terms of percentage shares instead of calculating a monthly dollar amount,[7] although it is more desirable to express them in a dollar amount whenever possible. This manner of expressing expenses that are expected to change periodically will avoid the necessity for the parties to return to court to have child support reset each time a change takes place.

CONCLUSION
We find no error or abuse of discretion in the trial court's determination of the basic child support obligation, the addition of net child care costs, extraordinary medical expenses or other extraordinary expenses. Nor do we find any error or abuse of discretion in the trial court's determination that Jeffrey Jackowski should pay fifty percent (50%) of any uncovered medical expenses. However, we do find *923 that the trial court abused her discretion in assigning the percentage share of the added net child care costs, extraordinary medical expenses and other extraordinary expenses at fifty percent (50%) rather than seventy-three percent (73%). The trial court's judgment is amended accordingly.
AFFIRMED IN PART AND REVERSED IN PART
NOTES
[1] Hon. Durwood W. Conque, 15th Judicial District, is serving pro tempore by appointment of the Louisiana Supreme Court.
[2] La. R.S. 9:315, et seq.
[3] Guillot v. Munn, 96-0620 (La.6/21/96) 676 So.2d 86.
[4] Authement v. Authement, 96-1289 (La.App. 1 Cir. 5/9/97) 694 So.2d 1129.
[5] Guillot, supra.
[6] Aguilar v. Wilson, 607 So.2d 837 (La.App. 1 Cir.1992); Colvin v. Colvin, 94-2143 (La.App. 1 Cir. 10/6/95), 671 So.2d 444.
[7] Leonard v. Leonard, 615 So.2d 909, (La.App. 1 Cir.1993)