MURRAY, J.,
concurs in part. Dissents in part with reasons.
I respectfully concur with the opinion insofar as it reallocates the percentage shares of the support obligation between the parties based on Ms. Pratt’s receipt of monthly spousal support. See La. R.S. 9:315(4)(a)(defining “gross income” as including “spousal support received from a preexisting spousal support obligation.”) I disagree, however, with the opinion insofar as it finds error in the trial court’s failure to consider the amount Mr. Wells spent to support his three other minor children in his household in calculating his child support obligation.
“The fundamental justification for any deviation from the child support guidelines is a determination that strict application would either not be in the best interest of the children or would be inequitable to the parties.” Finn v. Jackowski, 99 2808, p. 5 (La.App. 1 Cir. 12/22/00), 779 So.2d 917, 921. Apparently finding neither of these undesirable results would occur, the trial court found that a departure from the guidelines based on Mr. Wells’ support obligation to his other children was not warranted.
The record reflects that Mr. Wells’ support obligation to one of those other children was already taken into account in calculating the best support obligation because it was set by a prior support judgment. See La. R.S. 9:315(l)(defining “adjusted gross income” to mean gross income minus such preexisting child | ¡.support obligations paid on behalf of a child not the subject of the action of the court). Moreover, the trial court was aware that both parties had other children in their household to support. The trial court apparently found those support obligations each party had to their other children were sufficiently offsetting so as to not warrant any deviation from the guidelines. Given *1238 those factors, I cannot say that the trial court abused its discretion in failing to depart from the guidelines to give Mr. Wells an additional credit for his support obligation to the other children in his household. I therefore dissent in part.