STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1581


JOHN MATHEWS

VERSUS

BLACK TIE, L.L.C


**********

APPEAL FROM THE
CITY COURT OF LAKE CHARLES
PARISH OF CALCASIEU, NO. 2006-1862
HONORABLE JOHN S. HOOD, JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.


Douglas K. Hall
D.K. Hall Law Firm, L.L.C.
One Lakeshore Drive, Suite 1800
Lake Charles, LA 70629
(337) 494-1900
Counsel for Defendant/Appellant:
Black Tie, L.L.C.

**R. Michael McHale**
**613 Kirby St.**
**Lake Charles, LA 70601**
**(337) 990-0093**
**Counsel for Plaintiff/Appellee:**
**John Mathews**

**EZELL, JUDGE.**

In this matter, Black Tie Cleaners appeals the decision of the trial court awarding $150 to John Mathews. For the following reasons, we affirm the decision of the trial court.

Mr. Mathews claims that on March 21, 2006, he brought twenty-nine articles of clothing to Black Tie to be cleaned. He claims that he only received nineteen items back from Black Tie. The trial court ruled in favor of Mr. Mathews, awarding him $150 for the ten missing items of clothing. From this decision, Black Tie appeals.

Black Tie asserts four assignments of error on appeal. It claims that the trial court erred in rendering a verdict contrary to the law and evidence; that Mr. Mathews failed to prove his case by clear and convincing evidence; that the trial court erred in not rendering a judgment notwithstanding the verdict (JNOV); and that the trial court incorrectly rendered judgment based on one piece of evidence. Because the record contains no motion for a JNOV or directed verdict, we need not address this assertion. *See* La. Code of Civ. P. art. 1811. Because the remaining assignments of error deal with the factual findings of the trial court, we shall address them together.

Black Tie claims that Mr. Mathews had to prove his case by clear and convincing evidence. This is incorrect. In Louisiana civil cases, the plaintiff has the burden of proving each and every essential element of his claim by a preponderance of the evidence. *Gustafson v. Koch*, 460 So.2d 655 (La.App. 1 Cir.1984).

A court of appeal should not set aside the factual findings of a trial court absent manifest error or unless the findings are clearly wrong. *Stobart v. State of Louisiana, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was reasonable. *Id*. The appellate court will not disturb

1

the decision below if credible evidence providing a reasonable factual basis for the trial court's conclusion was presented. *Boulos v. Morrison*, 503 So.2d 1 (La.1987). We have previously emphasized the principle that "if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Stobart*, 617 So.2d at 882-83; *Siverd v. Permanent Gen. Ins. Co.*, 05-973 (La. 2/22/06), 922 So.2d 497.

After hearing from both parties and examining all the evidence before it, the trial court decided that it believed Mr. Mathews and that he had, by a slim margin, met his burden of proof. There is nothing in the record which indicates that the finding of the trial court is unreasonable. Accordingly, the decision of the trial court is affirmed.

Mr. Mathews asks this court for an increase in the amount of damages and for attorney fees for this appeal. However, because he failed to answer Black Tie's appeal, he is entitled to neither.

The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Black Tie.

**AFFIRMED.**